## MARGUERITE LANDRY et al. *v.* P. MARCHAIS.

Where the wife who had sued and obtained a separation of property from her husband,
   had taken property in payment of the judgment, and a creditor of the husband had caused
   her property to be seized on an execution, treating the judgment for separation and the
   *dation en paiement* as a simulation to defraud creditors, and consequently a nullity. *Held :*
   that the consideration for the judgment having been shown, and the *dation en paiement*
   not being simulated, they could not be set aside without a direct action, which should have
   been brought within one year from the date of the *dation en paiement.*

Where a creditor acquired his rights nine years after a judgment and separation of property
   between husband and wife, he cannot complain that he was defrauded by that judgment
   and separation of property.

Under the laws of Spain, a wife could not make a marriage-contract to be governed by
   the laws of a foreign country ; nor could she stipulate by marriage contract, that her
   separate property should enter into the community.

APPEAL from the District Court of Assumption, *Randall,* J.   *G. C. Raby*
and *Ilsley,* for plaintiffs.   *J. C.* and *A. Beatty,* for defendant.   The judg-
ment of the court was pronounced by

ROST, J.   The defendant being judgment creditor of *André Le Blanc,* caused
some sugar to be seized under execution, as his property.   *Marguerite Landry,*
his wife, enjoined the sale, on the ground that she was separated in property
from her husband ; that she has resumed the administration of her property,
and that the sugar seized is the product of her own plantation and of the labor
of her own slaves.

The defendant answered the petition by a general denial; and further averred,
that there never was a separation of property between the plaintiff and her
husband ; that all her proceedings to obtain a separation were fraudulent and
collusive, and for the purpose of defrauding the creditors of her husband ; that
by her marriage contract all her separate property fell into the community, and
all her pretended claims were false ; that her husband has remained in posses-
sion of the property, and disposed of the crops as owner ; and that the alleged
judgment of separation and the separation itself are absolute nullities.

To this answer the plaintiff in injunction has pleaded the prescription of one
year, under art. 1989 of the code.

The plaintiff subsequently filed an amended petition. in which she prayed
judgment against her husband in this suit for debts paid by her on his account

after the separation of property. No answer having been filed by *LeBlanc*, and no judgment by default taken against him, the district judge dismissed this part of the claim; and being further of opinion, that the judgment of separation was legal and valid, that no fraud had been shown, and that the sugar seized was the separate property of the plaintiff, he perpetuated the injunction. The defendant has appealed.

This proceeding appears to have been resorted to on the authority of the case of *Dennistoun* v. *Nutt*, 2d Ann. 483. But the facts of the two cases differ very materially. The case of *Nutt* was a direct action to annul a judgment of separation of property. This is a seizure in which the judgment of separation is treated as an absolute nullity. In *Nutt's* case it was proved conclusively, that there was no indebtedness from the husband to the wife at the time the judgment was obtained. Under that state of facts we held, that as the power of the husband and wife to contract together was exceptional, and the parties were not within the exception, the general incapacity was not removed and there was no contract between them; that the title not having passed out of the husband, the prescription of one year did not apply. We intimated, however, that if the wife's claim had been real, so as to give her capacity to stand in judgment against her husband, this plea would have availed her.

In this case, so far from the judgment and *dation en paiement* by the husband being mere simulations, it is conceded that the plaintiff had slaves of her own; and the evidence in the record satisfies us, that she also had landed property.

The clause in her marriage contract, that the parties should be common in all their property, movable and immovable, *suivant et au desir de la coutume du pays*, had not the effect of subjecting her separate property to the payment of her husband's debts: she could not contract such an obligation under the laws of Spain.

The *coutume du pays* referred to, was the custom of Paris, which had been the law of the colony during the dominion of France. That law had been abrogated by *O'Reily*, and the laws of Spain substituted in its place forty-one years before the date of this marriage contract; though it seems that this fact had not yet come to the knowledge of the parties or of the notary in the then remote regions of Lafourche Interior.

When the marriage took place, parties were not permitted to contract according to foreign laws, and the landed property brought by the plaintiff into marriage remained her separate estate, notwithstanding the agreement that it should enter into the community.

It is urged, that she obtained a judgment against her husband for too large a sum, and that the judgment is on that ground absolutely void. The district judge was of opinion, that the judgment of separation was authorized by the evidence; and we are unable to say he erred. The evidence in the record makes out a *primâ facie* case in the suit of separation, and no attempt has been made by the defendant to falsify it. Under that evidence the plaintiff had capacity to stand in judgment against her husband in that suit; and this case does not differ from that of *Fennessy* v. *Gonsoulin*, 11 L. R. 424, in which we concur.

The court in that case said: "So far as the object of the present suit is to avoid the judgment recovered by the defendant against her husband, and the assignment of property to her in pursuance of it, as in fraud of the plaintiff's rights, we can regard it in no other light than as a revocatory action, by which, according to the code, creditors may cause to be annulled any contract or

transaction, so far as they may have been injured by it. Every device, contrivance, or machination by which a creditor may have been prejudiced, may form the subject of this action. The assignment made to the wife, of property, though made by the parish judge and experts, in conformity to the judgment, in presence and by the express consent of the parties, must be considered as essentially a contract: a *dation en paiement.* A contract of that description, in consideration of the dotal and paraphernal rights of the wife, is, perhaps, authorized by the code; but, like all other contracts, it is liable to be attacked, as in fraud of other creditors of the husband. The action is, however, prescribed by one year, to run from the date of the judgment which the attacking creditors may have obtained. L. C. 1989."

The judgment and *dation en paiement* in this case not being simulated, and the consideration being shown, it is clear that they could only have been set aside in a direct action, and that this action should have been brought within one year from that date.

There is another ground of defence. The note sued upon was subscribed by *André LeBlanc* nine years after the rendition of the judgment of separation of property. That judgment may have been fraudulent with regard to parties who were creditors of *LeBlanc* at the time. But it could not be in fraud of rights which had then and for many years afterwards no existence. C. C. 1988.

It is therefore ordered, that the judgment in this case be affirmed, with costs.